THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv26

| | | |
|---|---|---|
| **SYNOVUS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ROBERT J. GREER** and | ) | |
| **JOANNE P. GREER,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Vacate Judgment and for Leave to Amend Complaint [Doc. 14].

**I.      PROCEDURAL BACKGROUND**

The Plaintiff Synovus Bank ("Bank") filed a Complaint against the Defendants Robert J. Greer and Joanne P. Greer on February 7, 2011. [Doc. 1]. Each Defendant was served via certified mail on February 14, 2011, but neither responded to the Complaint. On March 23, 2011, the Bank filed a Motion for Entry of Default. [Doc. 7]. Default was entered on April 5, 2011. [Doc. 8]. On June 13, 2011, the Bank filed a Motion for Entry of Default Judgment with a supporting brief. [Docs. 10, 11]. On June 16, 2011, the Clerk entered a Default Judgment against the Defendants. [Doc. 12].

The Bank now moves the Court for an Order vacating the Default Judgment and granting the Bank leave to file an Amended Complaint. [Doc. 14].

## II. DISCUSSION

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "A default judgment that impermissibly grants relief beyond the pleadings is void and may be set aside under Rule 60(b)(4)." 10 Moore's Federal Practice § 54.71[1] (Matthew Bender 3d ed.) (citing Compton v. Alton S.S. Co., 608 F.2d 96, 106 (4th Cir. 1979)).

In the present case, the Bank's Complaint indicated that as of February 4, 2011, the balance due and owing from the Defendants after application of the proceeds from the foreclosure sale was $323,118.68. [Doc. 1 at ¶17]. Subsequently, in preparing to file its Motion for Entry of Default Judgment after the Defendants failed to appear or otherwise defend this action, the Bank checked its computation of the amounts due and revised its calculations. The revised calculations are set forth in the Affidavit of Amy Staggs, which was attached as Exhibit A to the Brief in Support of Motion for Entry of Default

2

Case 1:11-cv-00026-MR -DLH   Document 16   Filed 07/03/12   Page 2 of 4

Judgment. Staggs' Affidavit indicates that as of June 6, 2011, the total amount due and owing was $333,361.94. [Staggs Aff., Doc. 11-1 at ¶12]. The Default Judgment subsequently entered by the Clerk on June 16, 2011 reflected this amount. [See Doc. 12].

Using the total amount due and pre-judgment interest rate as described in the Complaint at ¶17, the amount of the Default Judgment entered on June 16, 2011 would have been $330,807.68.[1] The award in the Default Judgment, $333,361.94, is $2,554.26 higher than this figure. Because the Default Judgment is in excess of the original amount requested, it is inconsistent with the requirements of Rule 54.

The Court finds that it is in the interest of all parties for the Judgment entered in this matter to comport with the Rules and otherwise be valid in all respects. Accordingly, the Court will grant the Bank's request that the Default Judgment be vacated and that the Bank be granted leave to file an Amended Complaint reflecting its revised calculations. See Silge v. Merz, 510 F.3d 157, 162 (2d Cir. 2007).

---

[1] This sum represents the outstanding amount due, $323,118.68, plus an award of pre-judgment interest of $7,689.00, calculated at a rate of $58.25 per day from February 4, 2011 through June 16, 2011.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Vacate Judgment and for Leave to Amend Complaint [Doc. 14] is **GRANTED**, and the Entry of Default entered on April 5, 2011 [Doc. 8] and the Default Judgment entered on June 16, 2011 [Doc. 12] are hereby **VACATED**.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the entry of this Order, the Plaintiff shall file an Amended Complaint reflecting its revised calculations. Such Amended Complaint shall be served on the Defendants pursuant to Rule 5 of the Federal Rules of Civil Procedure, and the Defendants shall have the opportunity answer or otherwise respond to the Amended Complaint within the time frame set out by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: July 3, 2012

Martin Reidinger
United States District Judge