IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:11-cv-26

SYNOVUS BANK, )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )
                                        )   **JUDGMENT**
JOANNE P. GREER,                        )
                                        )
        Defendant.                      )
                                        )

THIS MATTER is before the undersigned on the Motion for Entry of Default Judgment by Plaintiff Synovus Bank ("Bank") against Defendant Joanne P. Greer. After considering the Motion and related documents and reviewing the Court file, it appears that:

The Bank filed its Complaint and Summonses were issued on February 7, 2011, Defendant was served on February 14, 2011, and Defendant failed to plead or otherwise defend. Default was therefore entered on April 5, 2011, and a Default Judgment was entered on June 16, 2011.

The Judgment was later vacated, the Bank was given leave to file an Amended Complaint, and such Amended Complaint was filed on July 13, 2012.

On December 12, 2012, the Court issued a Show Cause Order. On December 14, 2012, the Bank filed a Motion for Entry of

Default, a Motion to Dismiss (as to Robert J. Greer), and a Response to Show Cause Order.

Defendant failed to file a response to the Amended Complaint and therefore default was entered against her on January 3, 2013 pursuant to Rule 55(a) of the Rules of Civil Procedure. On January 7, 2013, the Court granted the Bank's Motion to Dismiss and dismissed the claims against Robert J. Greer, and also discharged its Show Cause Order such that this matter may proceed to judgment against Defendant.

Defendant is not an infant and otherwise is not incompetent.

The Bank's claim against Defendant consists of a breach of contract or promissory note, namely the failure of Defendant to pay the Bank the sum of Three Hundred Sixty-Nine Thousand Eight Hundred Sixty-Four and 92/100 Dollars ($369,864.92) due under the Note together with interest and costs.

The Bank's claim is for a sum certain, and it has submitted an Affidavit of Jerald Slaughter of the indebtedness within the meaning of Rule 55(b)(1) of the Rules of Civil Procedure.

The Bank is therefore entitled to the entry of a Default Judgment.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff's Motion for Entry of Default Judgment is **GRANTED** and the judgment is hereby **ENTERED** against Defendant;

2. That the Bank have and recover of Defendant:

   a) The sum of Three Hundred Sixty-Nine Thousand Eight Hundred Sixty-Four and 92/100 Dollars ($369,864.92);

   b) interest on said amount as calculated from the date of this judgment pursuant to 28 U.S.C. 1961; and,

   c) the costs of this action in the amount of Three Hundred Fifty and 00/100 Dollars ($350.00).

Signed: January 14, 2013

*Frank G. Johns*

Frank G. Johns, Clerk
United States District Court